IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LLOYD M. McCARTY                                                                    PLAINTIFF

vs.                                    Civil No. 4:06-cv-04102

MICHAEL J. ASTRUE[1]                                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lloyd M. McCarty ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 8).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff's applications now before this Court were protectively filed on April 9, 2004.[3]  (Tr.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[3] The protective filing date for Plaintiff's SSI application was not included in the transcript.  However, the record indicates, based upon Plaintiff's DIB application, that Plaintiff's protective filing for his SSI application was April 9, 2004.  (Tr. 53).  The actual filing date for Plaintiff's SSI application was May 5, 2004.  (Tr. 252-253).

1

53-56, 252-253). These applications allege an onset date of April 2, 2004. (Tr. 54, 252). In these applications and in other documents filed with the SSA, Plaintiff claims he is disabled due to his knee problems, heart condition, and skin disease. (Tr. 62). At the administrative hearing on February 9, 2006, Plaintiff also claimed to be disabled due to left leg, hip, and back problems; degenerative arthritis; and gout in his legs and feet. (Tr. 268-275).

Plaintiff's applications were initially denied on August 10, 2004 and were denied again on reconsideration on November 8, 2004. (Tr. 32-35, 254-255). Plaintiff requested an administrative hearing which was held on February 9, 2006 in Little Rock, Arkansas. (Tr. 259-287). Plaintiff was present and was represented by an attorney, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. (Tr. 259-287). At the time of this hearing, Plaintiff was forty-three (43) years old, which is classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2007), and had completed the eleventh grade in school. (Tr. 264).

On July 22, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB. (Tr. 13-22). In this opinion, the ALJ determined Plaintiff met the disability insured status requirements of the Act from April 2, 2004 through December 31, 2009. (Tr. 21, Finding 1). The ALJ determined that Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since his alleged onset date. (Tr. 21, Finding 2). The ALJ determined Plaintiff suffered from obesity, clinically stable moderate coronary artery disease, allergic skin reactions, and osteoarthritis of the right knee, status post op (right knee partial lateral arthroscopic meniscectomy). (Tr. 21, Finding 3). The ALJ, however, also determined that Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulation No. 4. *See id.*

The ALJ evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 21, Findings 4-5). First, the ALJ conducted an exhaustive credibility determination pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The ALJ determined that Plaintiff's allegations were not borne out by the overall evidence and were not fully credible to the extent alleged. (Tr. 21, Finding 4). The ALJ based this determination upon, in addition to several other findings, the following findings: (1) despite Plaintiff's claim that he was disabled due to coronary artery disease, Plaintiff's cardiologist reported that Plaintiff's coronary artery disease was clinically stable; (2) despite Plaintiff's claim that he was disabled due to high blood pressure, Plaintiff's medical records indicated that his high blood pressure was fairly well-controlled with a combination of Atacand and diuretics; and (3) despite Plaintiff's claim that he was disabled due to his eczema, Plaintiff's medical records show that he never diagnosed with eczema. (Tr. 18). Second, based upon this credibility determination, the ALJ evaluated Plaintiff's RFC and concluded that Plaintiff could perform a wide range of sedentary work. (Tr. 21, Finding 5). Specifically, the ALJ determined Plaintiff retained the ability to perform the following:

> Work-related activities except for work involving lifting more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. In addition, [claimant] would be limited to sitting 6 hours out of an 8-hour workday, and occasionally must stand/walk a total of no more than 2 hours out of an 8 hour workday. Further, would be restricted from being exposed to extreme heat, wetness, fumes, odors, gas, or poor ventilation because of problems with periodic skin rash.

(Tr. 21, Finding 5).

The ALJ also determined Plaintiff was unable to perform his Past Relevant Work ("PRW") but was able to perform work that exists in significant numbers in the national economy. (Tr. 21,

3

Findings 6, 11). The VE testified at the administrative hearing regarding these issues. (Tr. 282). The VE testified that Plaintiff's PRW included work as a chemical mixer (heavy, semi-skilled) and as a lumbar yard worker (heavy, semi-skilled). (Tr. 282-283). The VE testified that a hypothetical person with Plaintiff's age, education, work history, and RFC would not be able to perform Plaintiff's PRW. (Tr. 283-284). The VE, however, also testified that the same hypothetical person would be able to perform work that exists in significant numbers in the national economy. *See id.* The ALJ testified that this hypothetical person would be able to perform work as a cashier (190,000 such jobs in the region and 900,000 such jobs in the nation) or as a telemarketer (85,000 such jobs in the region and 400,000 such jobs in the nation). (Tr. 284). Based upon the this testimony, the ALJ determined that Plaintiff was not disabled. (Tr. 22, Finding 12).

On September 29, 2006, the Appeals Council declined to review the ALJ's July 22, 2006 decision. (Tr. 5-7). Subsequently, Plaintiff filed the present action. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 8-9). This case is now ready for decision.

### 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

4

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred by (A) improperly discounting the medical evidence Plaintiff presented for his breathing problems, eczema, high blood pressure, gout, and obesity; (B) improperly disregarding Plaintiff's subjective complaints, including his complaints of pain; (C) failing to consider Plaintiff's impairments in combination; and (D) improperly phrasing his hypothetical to the vocational expert. (Doc. No. 7, Page 3). In response, Defendant argues the ALJ properly discounted Plaintiff's subjective complaints of pain and discomfort for legally sufficient reasons. (Doc. 9, Page 3-7). Defendant also argues that, based upon the language used by the ALJ in his opinion, the ALJ properly considered the combined effect of Plaintiff's impairments. (Doc. No. 9, Pages 7-9). Defendant also argues that, because the VE's testimony was based upon a properly-posed hypothetical, the VE's testimony is supported by substantial evidence in the record. (Doc. No. 9, Pages 9-10). Because the ALJ erred in his Step Two and RFC determinations, this Court will only review Plaintiff's first argument.

In his first argument, Plaintiff claims the ALJ erred by failing to properly consider Plaintiff's (A) shortness of breath, (B) eczema, (C) high blood pressure, (D) gout, and (E) obesity. *See id.* In his Appeal Brief, Defendant did not directly respond to most of these arguments. (Doc. No. 9). Defendant only responded in a cursory manner to Plaintiff's claim that the ALJ improperly considered Plaintiff's shortness of breath. *See id.* at 6.

**A. Plaintiff's Claimed Shortness of Breath**

Plaintiff claims the ALJ erred in discounting Plaintiff's claimed breathing problems. (Doc. No. 7, Pages 6-8). The ALJ discounted these claims because Plaintiff continued to smoke cigarettes. *See id.* Plaintiff claims that he has attempted to reduce the number of cigarettes he was smoking on a weekly basis, and the ALJ should have more fully considered his "good faith effort" and substantial compliance. *See id.* Defendant argues that Plaintiff's continued smoking was inconsistent with his doctor's recommendations and contradicts his subjective complaints. (Doc. No. 9, Page 9). Defendant argues that the ALJ properly disregarded Plaintiff's claimed shortness of breath based upon the fact that Plaintiff continued to smoke against his doctor's advice. *See id.* (Tr. 15-16).

The Eighth Circuit has held that a claimant's failure to adhere to a physician's instructions to stop smoking contradicts his or her subjective complaints of breathing problems.[4] *See Lewis v. Barnhart,* 353 F.3d 642, 647 (8th Cir. 2003) (holding that an individual's failure to adhere to medical advice to stop smoking contradicts that individual's claim that he or she suffers from joint pain and asthma). While Plaintiff claims that he made a "good faith" effort to quit smoking, Plaintiff provides no legal authority to support his argument that such an effort is sufficient. Plaintiff's efforts are commendable, but, absent contrary authority, this Court is bound to follow the holding of the Eighth Circuit in *Lewis* and affirm the ALJ's finding that Plaintiff's failure to adhere to his doctor's instructions to stop smoking contradicts his subjective complaints of breathing problems.

**B. Plaintiff's Claimed Eczema**

Plaintiff claims the ALJ erred by failing to properly consider his eczema. (Doc. No. 7, Pages

---

[4] Plaintiff claims that *Lewis* does not require a plaintiff to *strictly comply* with his or her physician's orders. (Doc. No. 7, Page 7). Plaintiff could be correct in this claim, and the *Lewis* opinion may not require *strict compliance*. However, at the time of the hearing, Plaintiff was still smoking twenty cigarettes per week, which is a significant amount; and the holding in *Lewis* does not provide for a "good faith" or "substantial compliance" exception. 353 F.3d at 647. Thus, absent contrary authority, this Court must follow the Eighth Circuit's opinion in *Lewis.*

8-9). Plaintiff claims that even though he had been diagnosed with eczema, the ALJ found that he only suffered from "allergic reaction[s]" *See id.* In his Appeal Brief, Defendant did not directly respond to this argument. (Doc. No. 9).

In his opinion, the ALJ fully examined the impact Plaintiff's skin rashes would have on his ability to work. The ALJ considered Plaintiff's skin problems and determined that his "allergic skin reaction" was a severe impairment. (Tr. 21, Finding 3). *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the ALJ's disability determination when the ALJ determined Plaintiff did not suffer from the severe impairment of borderline intellectual functioning at Step Two of the Analysis even though the plaintiff had been diagnosed with borderline intellectual functioning). The ALJ determined that, as a result of his skin problems, Plaintiff "would be restricted from being exposed to extreme heat, wetness, fumes, odors, gas, or poor ventilation." (Tr. 21, Finding 5). The ALJ, however, also determined that Plaintiff's skin problems, singularly or in combination with his other impairments, would not limit him in his ability to perform work that exists in significant numbers in the national economy. (Tr. 21-22, Findings 3, 11-12).

Plaintiff correctly notes that he was diagnosed with eczema. (Tr. 136). Plaintiff claims that eczema is "an inflammatory condition of skin characterized by redness, itching, and oozing vesicular lesions which become scaly, crusted, or hardened." (Doc. No. 7, Pages 8-9). Plaintiff, however, has provided no proof (medical records, lab results, or reports from doctors) indicating that his eczema, either singularly or in combination with his other impairments, limits him in his ability to work. Plaintiff has also provided no proof indicating that his eczema is any more severe than the allergic skin reaction that the ALJ properly considered throughout his opinion. Thus, based upon a review of the ALJ's analysis of Plaintiff's skin problems, this Court finds no error in the ALJ's analysis and affirms the ALJ's examination of Plaintiff's skin problems.

### C. Plaintiff's Claimed High Blood Pressure (Hypertension)

Plaintiff claims that the ALJ improperly determined that his hypertension was "fairly well-controlled with a combination of Atacand and diuretics." (Doc. No. 7, Pages 9-11). Plaintiff claims that he has suffered from Stage I, II, or III hypertension since March 17, 2004 and that his eight medications have not been able to control his hypertension. *See id.* In his Appeal Brief, Defendant did not directly respond to Plaintiff's argument. (Doc. No. 9). Defendant, however, did note that, on June 20, 2005, Dr. Ribeiro, Plaintiff's treating cardiologist, found Plaintiff's blood pressure was well-controlled with medication (Tr. 226) and that, on January 9, 2006, Dr. Ribeiro found that Plaintiff's blood pressure was "fairly well controlled with a combination of Atacand and diuretics." (Tr. 245) (Doc. No. 9, Page 6).

A treating physician's medical opinion is generally entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2) (2006) (stating that such an opinion is entitled to controlling weight as long as it is well-supported with other medical evidence and is not contradicted with other substantial evidence in the case); *Dixon v. Barnhart,* 353 F.3d 602, 606 (8th Cir. 2003). In the present action, Plaintiff's ***treating cardiologist*** determined that, on January 9, 2006, Plaintiff's blood pressure was "fairly well controlled with a combination of Atacand and diuretics." (Tr. 245). This medical record is dated on January 9, 2006, which was exactly one month before the administrative hearing, and it is one of the most current medical records included in the transcript. Other substantial evidence in the record, including other records from Dr. Ribeiro, also support a finding that Plaintiff's hypertension is well-controlled with medication. (Tr. 226, 229). Therefore, the ALJ did not err in affording controlling weight to Dr. Ribeiro's opinion and in finding that Plaintiff's hypertension was well-controlled with medication.

### D. Plaintiff's Claimed Gout

Plaintiff claims the ALJ erred by failing to find that his gout was a severe impairment at Step Two of the Analysis and by failing to properly consider Plaintiff's gout in the his RFC determination. (Doc. No. 7, Pages 13-14). Plaintiff claims that he takes Potassium and other medication for his gout and that the ALJ should have determined that he suffered from the severe impairment of gout. *See id.* Plaintiff also claims the ALJ should have considered the impact his gout would have on his ability to work. *See id.* Defendant claims the ALJ clearly discussed and evaluated Plaintiff's complaints of gout in his opinion. (Doc. No. 9, Pages 7-8). Defendant claims that the ALJ's decision is further supported by the fact that Plaintiff did not seek additional treatment until August of 2004 for his recurrence of gout. *See id.*

In his opinion, the ALJ did not find that Plaintiff's gout was a severe impairment at Step Two of the Analysis. (Tr. 21, Finding 3). Instead, the ALJ noted that Plaintiff "was diagnosed and treated for gout, but has sought no further treatment after July 2005 for this condition." (Tr. 18). According to a recent Eighth Circuit case, an ALJ is **required** to find that a diagnosed condition is a severe impairment at Step Two if that diagnosis is supported by sufficient medical evidence on the record as a whole. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007). As the ALJ acknowledges, Plaintiff has been diagnosed with gout. (Tr. 18). Plaintiff's medical records also provide sufficient medical evidence to support this diagnosis. (Tr. 153, 227). Therefore, according to *Nicola,* the ALJ was required to determine Plaintiff's gout was a severe impairment. *See* 480 F.3d at 887. The ALJ's failure to include Plaintiff's gout as a severe impairment is reversible error. *See id.* Therefore, this case must be reversed and remanded to the ALJ for further consideration of Plaintiff's severe impairment of gout and for further consideration of the impact Plaintiff's gout may have on his RFC.

### E. Plaintiff's Claimed Obesity

Plaintiff claims the ALJ erred in finding that Plaintiff's "obesity has had not more than a minimal impact on his other impairments." (Doc. No. 7, Page 14). Plaintiff claims that he is 5'5" tall and weighs 250 pounds and that his obesity, singularly or in combination with other impairments, cause him to be disabled. *See id.*  Defendant claims that the ALJ properly considered Plaintiff's obesity diagnosis and properly considered the combined effect of Plaintiff's obesity with his other impairments. (Doc. No. 7, Page 14).

In his opinion, the ALJ first determined that Plaintiff suffered from the severe impairment of obesity. (Tr. 21, Finding 3). The ALJ then further evaluated the impact Plaintiff's obesity would have on his ability to work and found that, partly because of his obesity, Plaintiff would be limited to performing only sedentary work. (Tr. 21, Finding 5). Plaintiff has presented no other evidence–medical or otherwise–indicating that his obesity further limits him in his ability to work. Plaintiff has the burden of establishing any restrictions on his RFC. *See Cox,* 160 F.3d at 1206. Because the ALJ considered Plaintiff's obesity, and that consideration was incorporated in the ALJ's RFC determination, the ALJ did not err in evaluating Plaintiff's obesity. Without additional evidence establishing that Plaintiff's obesity further restricted Plaintiff in his ability to work, the ALJ's evaluation of Plaintiff's obesity is otherwise supported by substantial evidence and should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

52 and 58.

**ENTERED this 26th day of September, 2007.**

>                   /s/   Barry A. Bryant
>                   Honorable Barry A. Bryant
>                   United States Magistrate Judge